UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL HOLLIS,<br><br>                Plaintiff,<br>    v.<br><br>EXP REALTY LLC, et al.,<br><br>                Defendants. | CASE NO. C25-0822JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendant eXp Realty, LLC's ("eXp Realty") motion to dismiss Plaintiff Daniel Hollis's amended class action complaint for failure to state a claim. (MTD (Dkt. # 24); Reply (Dkt. # 29); *see* Am. Compl. (Dkt. # 20).) Mr. Hollis opposes the motion.[1] (Resp. (Dkt. # 28).) The court has considered the parties'

---

[1] Defendant Aaron Yoon answered Mr. Hollis's amended complaint (*see* Yoon Ans. (Dkt. # 27)), and he has not joined in eXp Realty's motion to dismiss (*see generally* MTD; Dkt.).

ORDER - 1

submissions, the relevant portions of the record, and the governing law. Being fully advised,[2] the court DENIES eXp Realty's motion to dismiss.

## II.   BACKGROUND

Mr. Hollis filed his original complaint against eXp Realty and Mr. Yoon in King County Superior Court on April 14, 2025. (*See* Compl. (Dkt. # 1-2).) On May 5, 2025, eXp Realty removed the action to this court on the basis of federal question subject matter jurisdiction. (*See generally* NOR (Dkt. # 1).)

On June 2, 2025, eXp Realty moved to dismiss Mr. Hollis's original complaint for failure to state a claim. (1st MTD (Dkt. # 17).) In response, Mr. Hollis amended his complaint. (Am. Compl.); *see also* Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment as a matter of course no later than 21 days after service of a motion under Rule 12(b)(6)); (6/30/25 Order (Dkt. # 22) (denying eXp Realty's first motion to dismiss as moot)). In his amended complaint, Mr. Hollis raises claims, on behalf of himself and three proposed classes, against eXp Realty and Mr. Yoon for negligently, knowingly, or willfully violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Washington Telephone Solicitation Statute ("WTSS"), RCW 80.36.390, *et seq.*, by contacting him by phone and text message to promote eXp Realty's services. (*See* Am. Compl. ¶¶ 55-62 (TCPA claims), 63-70 (WTSS claims), 44 (class definitions).)

On July 7, 2025, eXp Realty moved to dismiss Mr. Hollis's amended complaint. (MTD.) That motion is now fully briefed and ripe for decision.

---

[2] Neither party has requested oral argument, and the court finds that oral argument would not assist it in resolving eXp Realty's motion. *See* Local Rules W.D. Wash. LCR 7(b)(2).

## III.   ANALYSIS

eXp Realty argues that the court must dismiss Mr. Hollis's claims because he has not plausibly alleged that eXp Realty is liable, either directly or vicariously, for calls and text messages made to Mr. Hollis by Mr. Yoon.  (*See generally* MTD.)  Below, the court sets forth the relevant standard of review, and then considers whether Mr. Hollis has stated claims for violating the TCPA and the WTSS.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, the plaintiff must include more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Furthermore, the court need not accept as true legal conclusions, "formulaic recitation[s] of the elements of a cause of action[,]" *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (citation omitted), or "allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.     The TCPA and WTSS**

The TCPA, as is pertinent here, prohibits making telemarketing calls to residential telephone subscribers who have registered their telephone numbers on the national do-not-call registry (the "DNC"). *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Persons who have registered their numbers on the DNC who receive more than one telemarketing call in a 12-month period "by or on behalf of the same entity" have a private right of action. *See* 47 U.S.C. § 227(c)(5). Congress has delegated to the Federal Communications Commission ("FCC") the authority to make rules and regulations to implement the TCPA, and, therefore, "courts should defer to the FCC's interpretation of a term in the TCPA, so long as the term is not defined by the TCPA and the FCC's interpretation is reasonable. *See Frank v. Cannabis & Glass, LLC*, No. 2:19-cv-00250-SAB, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009)).

"There are two potential theories of liability under the TCPA: (1) direct liability and (2) vicarious liability." *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-cv-00221-BTM-JLB, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024); *see also Pascal v. Agentra, LLC*, No. 19-cv-02418-DMR, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (observing that a person liable must either "directly make the call" or "have an agency relationship with the person who made the call" (citation omitted)); *In the Matter of Joint Pet. Filed by Dish Network*, 28 F.C.C. Rcd. 6574, 6583 (May 9, 2013)

(explaining that sellers may be directly or vicariously liable for calls made by third-party telemarketers).

Below, the court separately addresses whether Mr. Hollis has sufficiently pled that eXp Realty is directly and vicariously liable under the TCPA.[3]

### 1. Direct Liability

Generally, a seller is not directly liable for a call by a third-party telemarketer, such as an independent contractor, because the seller is not "the person or entity that *initiates* a telemarketing call[.]" *In the Matter of Joint Pet. Filed by Dish Network*, 28 F.C.C. Rcd. at 6576, 6582-83 (emphasis in original). A seller, however, can be directly liable when it "initiates a call on its own behalf" or when it acts through a third party but "is so involved in the placing of a specific telephone call as to be directly liable for initiating it[.]" *Id.* at 6583. The latter situation can occur where, for example, the seller gives the third party "specific and comprehensive instructions as to [the] timing and the manner of the call[.]" *Id.*

To allege a seller's direct liability, a plaintiff must provide more than conclusory allegations that the seller initiated or "physically dialed" a call that violated the TCPA. *Cf. Rogers v. Assurance IQ, LLC*, No. C21-0823TL, 2023 WL 2646468, at *1, 5 (W.D.

---

[3] The WTSS, in relevant part, tracks the TCPA and provides that "[n]o person may initiate, or cause to be initiated, a telephone solicitation to a [] number registered on the [DNC] . . . pursuant to [the TCPA], 47 U.S.C. [§] 227 and related regulations, as currently enacted or subsequently amended." RCW 80.36.390. In briefing eXp Realty's motion to dismiss, neither party separately discusses the allegations required under the WTSS, and both appear to assume that the required showing is the same under the WTSS and the TCPA. (*See generally* MTD; Resp.; Reply.) Consequently, the court does not separately analyze the WTSS in ruling upon eXp Realty's motion to dismiss.

ORDER - 5

Wash. Mar. 27, 2023) (discussing direct liability in the context of a third-party vendor and platform provider).  Instead, plaintiffs "must allege facts to support their belief that the defendant placed the calls at issue, such as how the caller identified itself, the substance of the calls, or other details revealing that the defendant actually took steps to place the calls." *See id.* (citations and quotations omitted).

  eXp Realty argues that it "did not make or initiate" the calls and text messages that Mr. Hollis received, and it asserts that Mr. Hollis failed to sufficiently allege eXp Realty's direct liability under the TCPA.  (MTD at 6.)  Mr. Hollis, however, alleges that eXp Realty, along with Mr. Yoon, made multiple calls to his cell phone.  (*See, e.g.*, Am. Compl. ¶ 19, 21.)  He also alleges that callers told him that they were acting on behalf of, or were part of, eXp Realty.  (*See* Am. Compl. ¶¶ 28 ("The caller . . . told [Mr. Hollis] that the call was on behalf of [eXp] Realty[.]"), 29 ("[T]he caller identified himself as [Mr.] Yoon at [eXp] Realty[.]")  Furthermore, Mr. Hollis includes supporting allegations that allow the court to draw the reasonable inference that eXp Realty controlled the content of the calls he received:  he includes the language of the questions asked in his allegations, and he alleges that the callers read from the same or similar scripts of questions to promote eXp Realty.  (*See, e.g.*, *id.* ¶¶ 19, 27.)  In sum, by alleging that eXp Realty made the calls at issue and by including supporting allegations to explain his belief that eXp Realty made the calls, Mr. Hollis includes sufficient allegations, if accepted as true, to allow the court to reasonably infer that eXp Realty is directly liable for violating the TCPA.

2. <u>Vicarious Liability</u>

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014); *see also Rogers*, 2023 WL 2646468, at *5 ("[S]ellers can be held vicariously liable under federal common-law agency principles for their telemarketing agents' violations of [the] TCPA[.]"). To state a vicarious liability claim, a plaintiff cannot rely solely upon allegations that a call was "made simply to aid or benefit the seller . . . if agency principles would not impose vicarious liability . . . for the call." *Cf. In the Matter of the Joint Petition Filed by Dish Network*, 28 FCC Rcd. at 6585.[4] Instead, vicarious liability must be based upon at least one of the following theories: (1) apparent authority, (2) actual authority, or (3) ratification. *Jones v. Royal Administration Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018).

---

[4] As the FCC has explained:

> [W]e do not think that an action taken for the benefit of a seller by a third-party [], without more, is sufficient to trigger the liability of a seller under [47 U.S.C. § 227(c)]. However, we see no reason that a seller should not be liable . . . for calls made by a third-party telemarketer when it has authorized that telemarketer to market its goods or services. In that circumstance, the seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised.

*In the Matter of the Joint Petition Filed by Dish Network*, 28 FCC Rcd. at 6593.

A plaintiff need not separately plead a particular theory of vicarious TCPA liability to proceed on that theory. *Cf. McCurley v. Royal Seas Cruises, Inc.*, No. 21-55099, 2022 WL 1012471, at *1 (9th Cir. April 5, 2022) (concluding that plaintiffs did not waive an apparent authority theory of vicarious TCPA liability and observing that "plaintiffs did not waive their vicarious liability arguments based on a failure to specifically allege them in the consolidated complaint"). Instead, a plaintiff who asserts a claim for vicarious TCPA liability "should not be required to develop all of the facts surrounding the agency relationship at the pleadings stage" and need only include sufficient allegations to "support[] the existence of an agency relationship." *Rogers*, 2023 WL 2646468, at *5 (citations omitted).

The court first turns to Mr. Hollis's assertion that Mr. Yoon's possessed apparent authority. "Apparent authority [exists] . . . when a third party reasonably believes the actor has authority to act on behalf of the principle and that belief is traceable to the principal's manifestations." *McCurley*, 2022 WL 1012471, at *2 (quoting Restatement (Third) of Agency § 2.03). "Apparent authority exists only as to those to whom the principal has manifested that an agent is authorized." *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (quoting *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)).

Mr. Hollis alleges that eXp Realty "is aware of and has authorized . . . or caused its agent [Mr.] Yoon's illegal placement of telephone calls" to individuals who registered their numbers on the DNC. (*See* Am. Compl. ¶ 36.) In support, Mr. Hollis alleges that eXp Realty advertises on its website that Mr. Yoon is one of its real estate brokers and

that eXp Realty encourages consumers to "Send [Mr. Yoon] a Message" directly through eXp Realty's main website. (Am. Compl. ¶ 18 & n.6.) Mr. Hollis also alleges that, when he called eXp Realty to request that eXp Realty cease trying to contact him, he spoke with Robin McCue, an individual who was serving as a "Designated Managing Broker" at eXp Realty. (*Id.* ¶ 23.) Mr. Hollis alleges that Ms. McCue stated that she was Mr. Yoon's "manager[,]"; that Mr. Hollis's contact information had been "added to [eXp] Realty's internal do not call list"; and "that the calls to [Mr. Hollis's] number would stop[.]" (*Id.* ¶ 24.) Mr. Hollis also alleges that, after this conversation with Ms. McCue, Mr. Hollis continued to receive calls from eXp Realty, including a call from Mr. Yoon. (*See id.* ¶¶ 27-29.)

Accepting these allegations as true, as the court must, the court concludes that—based upon remarks made by Ms. McCue, in conjunction with the information posted on eXp Realty's website—Mr. Hollis has pled sufficient factual content to allow the court to reasonably infer that Mr. Yoon had apparent authority to place calls to Mr. Hollis for eXp Realty that violated the TCPA. Consequently, Mr. Hollis has sufficiently alleged that eXp Realty is vicariously liable under the TCPA under an apparent authority theory, and the court need not assess Mr. Hollis's allegations with respect to his additional theories concerning actual authority and ratification.

//
//
//
//

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES eXp Realty's motion to dismiss (Dkt. # 24).

Dated this 23rd day of September, 2025.

*[signature]*

JAMES L. ROBART
United States District Judge